IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER SEVEN
:
GEORGE COLE, : BANKRUPTCY NO.: 5-00-bk-04467
:
DEBTOR :

# **OPINION**[1]

The Court has for consideration an Objection of the City of Wilkes-Barre (hereinafter "City") to the Application for Compensation and Reimbursement of Expenses filed by Paul M. Perlstein, Esquire, Special Counsel to the Trustee. By Order dated May 5, 2005, the Court entered an interim Order granting that potion of the request for fees and expenses associated with the representation of the Debtor in a personal injury lawsuit against Luzerne County (the Personal Injury Action). Remaining for resolution are objections to the fee request for services associated with the representation of the Debtor in a civil rights action brought against the City (the Pension Action). Both the Debtor and the Trustee support this fee request.

In short, the position of the City can be summarized as follows. It was initially malpractice for the Debtor to bring the Pension Action in Federal District Court because that was not the proper forum. Additionally, once the Debtor did file a grievance, the union he belonged to would have provided free representation, thereby negating his need for counsel. If the Debtor did receive an award, it would have been exempt and, therefore, the action would have not resulted in any benefit to the estate. Finally, the City

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\wp8docs\opinions\5-00-bk-04467_Cole.wpd]

argues the action was dismissed so there was no possibility of benefit to the estate.

The Trustee, Debtor, and Special Counsel to the Trustee took a united front with each indicating there was a possibility that money would come into the estate because it was not necessarily true that the whole award of a pension would be exempt. That determination would perhaps be subject to further litigation in this Court. Also, any award for punitive damages would be for the benefit of the estate.

The united front in support of the petitioner is persuasive. I cannot find the services performed by special counsel were not reasonably likely to benefit the estate. *In re Engel*, 124 F.3d 567(3rd Cir. 1997), 11 U.S.C. § 330(a)(4). I also stress there was no challenge to the reasonableness of the fees requested vis-à-vis the services performed, except the hourly rate which I will address shortly. I note there is no requirement for fee approval under § 330 that the underlying litigation need be successful in order to be considered beneficial to the estate. *See In re Jefsaba Inc.*, 172 B.R. 786 (Bankr. E.D. Pa. 1994), *In re Spanjer Bros., Inc.,* 191 B.R.738 (Bankr. N.D. Ill. 1996). I find that all parties supporting the application believed there was a reasonable chance of success pursuing the Pension Action potentially bringing into the estate assets, i.e. "fruit" of the litigation.

The objection, which I will sustain, goes to the hourly rate requested by the applicant. The application to employ special counsel at ¶ 6 provides that he will represent the Trustee at a rate of $250.00 per hour. The instant application asks for $310.00 per hour. Any ambiguity in the application to employ special counsel will be interpreted

against him because either he or someone on his behalf drafted the application to employ. In this regard, the Court will allow the entire portion of the fee application concerning those services associated with the Pension Action but at a reduced rate of $250.00 per hour.

      An Order will follow.

Date: July 8, 2005                                      BY THE COURT

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*