IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER SEVEN
:
GEORGE W. COLE, : BANKRUPTCY NO.: 5-00-bk-04467
:
DEBTOR :

# **OPINION**[1]

Before the Court is an "Application of Debtor (With Limited Joinder by Trustee) to Employ Paul M. Perlstein, Esq. as Special Counsel to Litigate Objections to Claim of City of Wilkes-Barre," filed July 7, 2005 (Doc. #51). The matter was set for hearing and oral argument was heard by the Court on August 18, 2005.

The central issue is not whether the Debtor can employ Mr. Perlstein to litigate the Objection to the Proof of Claim filed by the City of Wilkes-Barre (the "City") but, rather, the issue is whether the estate can be held responsible for the payment of any fees subject to the agreement entered into between the Debtor and Mr. Perlstein. That agreement calls for compensation to Mr. Perlstein to be based upon a forty percent (40%) contingency fee of the amount of the pre-petition claim of the City which might be subject to disallowance. In short, the Debtor argued that it saw no problem with the Chapter 7 estate paying the Debtor's lawyer because there was a real probability that the estate would gain a direct benefit from this litigation. The Debtor's lawyer even indicated she did not feel that it was necessary to have the special counsel appointed by the Court in

---

[1] Drafted with the assistance of Richard. P. Rogers, Law Clerk.

[m:\users\cathy\wp...\opinions\5-00-bk-04467_Cole_Perlstein.wpd]

this matter, but thought it was the best mechanism for special counsel to appear in bankruptcy court and to receive payment of his contingency fee. This very type of situation is anticipated by the Bankruptcy Code at 11 U.S.C. § 327, which permits the Trustee to hire certain professionals to do work on behalf of the estate. For the Trustee's part, he was unable to accurately articulate reasons why he was joining, even if in a limited capacity, to the instant application.

In response to the Court's query about the impact of *In re Lamie*, 540 U.S. 526, 124 S.Ct. 1023 (2004) on this Application, the Debtor opined that *In re Lamie* had no bearing on whether the Court could authorize payment to special counsel for post-petition services, particularly when those services benefitted the estate. The Court has reviewed *In re Lamie* and finds no support within the Supreme Court's opinion for the position advanced by the Debtor that the Court can authorize payment to counsel not retained by the Trustee for post-petition services that benefit the estate in a Chapter 7 case. This Court finds no reason to sway from the plain dictates of *In re Lamie* and we will follow the holding that 11 U.S.C. § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds unless they are employed as authorized by § 327. Furthermore, if an attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the Trustee and approved by the Court.

As indicated earlier, the representative of the Chapter 7 Trustee was very unsure as to why the Trustee was joining in the Application to employ filed by the Debtor . The Court finds no prejudice in denying the instant Application in its entirety and should the

Trustee determine a need to employ this counsel or any other counsel to object to the Proof of Claim of the City of Wilkes-Barre, a separate Application can be filed and considered by this Court.

Based upon the foregoing, the Court will deny the "Application of Debtor (With Limited Joinder by Trustee) to Employ Paul M. Perlstein, Esq. as Special Counsel to Litigate Objections to Claim of City of Wilkes-Barre."

An Order will follow.

Date: February 21, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*