IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| GEORGE W. COLE, | : | BANKRUPTCY NO.: 5-00-bk-04467 |
| | : | {**Nature of Proceeding**: Trustee's |
| DEBTOR | : | Objection to Allowance of Exemptions (Doc. #72)} |

# OPINION[1]

Before the Court is an Objection of Robert P. Sheils, Jr., Chapter 7 Trustee, to an Amendment to Schedule C (Exemptions) filed to document number 71 on the case docket. The Trustee's argument, in short, is that the Debtor is attempting to take two separate exemptions under 11 U.S.C. § 522(d)(11)(D) resulting from, in one instance, accident lawsuit proceeds and, in the other, a recovery from a scarring award. The Trustee's argument continues that the scarring injury was, in effect, a result of the accident and, therefore, the exemptions cannot be taken because they are not on account of bodily injuries that are separate and distinct. The Debtor's position is quite simply the direct opposite of that of the Trustee, and he asserts that he is taking an exemption under the appropriate statutory exemption in the first instance resulting from the accident and, in the second instance, a separate injury resulting from a scarring injury from a botched surgery.

At the time of the hearing, neither party submitted briefs in support of their

---

[1] Drafted with the assistance of Richard. P. Rogers, Law Clerk.

[m:\users\cathy\opinions\5-00-bk-04467_Cole_Exemptions.wpd]

positions, but they both agreed that it was basically a factual determination to be made by the Court as to whether the scarring injury was a separate injury apart from the accident. Neither side presented witnesses in support of their relative positions. The colloquy between the parties and the Court centered around the impact of this Court's earlier opinion in *In re Daly*, 344 B.R. 304 (Bkrtcy.M.D.Pa. 2005), which addressed, among other issues, whether a debtor could assert multiple exemptions under § 522(d)(11)(D) for multiple property interests. In *Daly*, the Court examined the few authorities to address this issue and found that it was "in agreement with those cases that conclude that nothing forecloses a debtor from properly asserting multiple exemptions under § 522(d)(11)(D) for multiple property interests, which are separate and distinct." *Id*. at 315. Were there multiple property interests separate and distinct presented by the Debtor by way of the original exemptions and the amendments thereto to Schedule C? Are the claimed injuries separate and distinct, or do they stem from one injury? The parties created a scant record at the time of the hearing when addressing these factual issues. This Court cannot ignore procedural due process. In *In re Daly*, I wrote the following: "Rule 4003(b) permits a trustee, or other party in interest, to file an objection to the list of property claimed as exempt within thirty days of its filing. The objector must then carry the burden of producing evidence that rebuts the presumption that the claimed exemption is valid. *See* Fed. R. Bankr. P. 4003(c); Fed. R. Evid. 301; *accord Lampe v. Williamson* (*In re Lampe*), 331 F.3d 750, 754 (10th Cir. 2003)." *Id*. at 309.

   The Trustee has simply failed to meet his burden of producing evidence to rebut

[m:\users\cathy\opinions\5-00-bk-04467_Cole_Exemptions.wpd]   2

Case 5:00-bk-04467-JJT  Doc 78  Filed 10/12/06  Entered 10/12/06 09:57:58  Desc
Main Document  Page 2 of 3

the presumption that the claimed exemptions are valid, and it is for that reason, coupled with the fact that the Court is of the opinion that multiple exemptions for multiple property interests can be made under § 522(d)(11)(D), that the Trustee's objections fail.

An Order will follow.

Date: October 12, 2006

John J. Thomas, Bankruptcy Judge
(CMS)
*This opinion is electronically signed and filed on the same date.*

[m:\users\cathy\opinions\5-00-bk-04467_Cole_Exemptions.wpd] 3